UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YEVGEINY SOROKIN,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JOHN D'AGOSTINI,<br><br>　　　　　Respondent. | No.  2:21-cv-01105 GGH P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, a pretrial detainee, proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Nevertheless, the undersigned will recommend the pending petition be summarily dismissed.

　　　　Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

　　　　Petitioner is currently incarcerated in El Dorado County Jail. Petitioner alleges he is being charged for domestic violence. ECF No. 1 at 2. Petitioner has pleaded not guilty and is currently awaiting trial. Id. Petitioner alleges in his first ground for relief a violation of his due process rights and right to a speedy trial. Id. at 3. In his second ground for relief, petitioner asserts his trial counsel is ineffective due to a failure to present discovery evidence to petitioner. Id. at 4.

It is clear from the petition that petitioner seeks to challenge charges against him currently pending in state court. A pretrial detainee is not a "person in custody pursuant to the judgment of a State court" within the meaning of 28 U.S.C. § 2254(a). Nonetheless, this court has jurisdiction to consider the pending habeas petition brought by a pretrial detainee pursuant to 28 U.S.C. § 2241. McNeely v. Blanas, 336 F.3d 822, 824 n. 1 (9th Cir. 2003) (citing Braden v. Judicial Circuit Court, 410 U.S. 484, 503 (1973)). However, when challenging ongoing criminal proceedings, principals of comity and federalism weigh against federal courts interfering with ongoing state criminal proceedings. Younger v. Harris, 401 U.S. 37 (1971). Younger abstention is applicable if the state court proceeding is 1) currently pending; 2) involves an important state interest; and 3) provides an adequate opportunity to raise constitutional challenges in the state court proceedings. Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). If the Younger requirements are satisfied, abstention is required unless "state proceedings are conducted in bad faith or to harass the litigant, or other extraordinary circumstances exist[.]" Baffert v. California Horse Racing Bd., 332 F.3d 613, 621 (9th Cir. 2003).

Here, the Younger requirements are satisfied. The petition indicates petitioner is currently being detained in El Dorado County jail on criminal charges. Petitioner's criminal proceedings are clearly ongoing and any relief granted by this court would interfere with the pending state court proceedings. Ongoing criminal proceedings implicate important state interests. Younger, 401 U.S. 37. Additionally, petitioner has an adequate opportunity to raise constitutional challenges in his ongoing criminal proceeding and in his potential future appeals. Lastly, petitioner has not established extraordinary circumstances exist to establish any exception to the Younger abstention. The petition alleges only ten weeks have expired since his initial arrest. Accordingly, this court should summarily dismiss the pending petition.[1]

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A

---

[1] Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) may be applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be summarily dismissed; and

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

Dated: September 9, 2021

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE